# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: <br><br> VISTA PROFESSIONAL DEVELOPMENT, LLC, *et al.*,[1] <br><br> Debtors. | Chapter 7 <br><br> Case No. 21-11318 (JTD) <br><br> (Jointly Administered) |
| In re: <br><br> Computer Career Center, L.P., <br><br> Debtor. | Chapter 7 <br><br> Case No. 21-11321 (JTD) |
| In re: <br><br> Certified Careers Institute, LLC, <br><br> Debtor. | Chapter 7 <br><br> Case No. 21-11324 (JTD) |

**MOTION OF DEBTORS FOR ORDER AUTHORIZING THE CAREER DEBTORS TO FILE UNDER SEAL CERTAIN SCHEDULES AND STATEMENTS OF FINANCIAL AFFAIRS AND A REDACTED VERSION OF THE CREDITOR MATRIX**

Certified Careers Institute, LLC and Computer Career Center, L.P. (collectively, the "Career Debtors"), by and through their undersigned counsel, respectfully submit this motion (the "Motion to Seal") pursuant to Section 107(c) of Title 11 of the United States Code (the "Bankruptcy Code") and Rule 9018 of the Federal Rules of Bankruptcy Procedure (the

---

[1] The debtors in these cases, along with the last four digits of the federal tax identification number for each of the debtors, where applicable are: Vista Professional Development, LLC (1334); Vista Professional International, LLC (7452); New Day Vista, LLC (7094); Computer Career Center, L.P. (3502); EFG General Partner Corp. (3315); EFG Limited Partner Corp. (3194); Certified Careers Institute, LLC (3122); Education Futures Management Co. (6336); and Education Futures Group, LLC (3445).

"Bankruptcy Rules") and Rule 9018-1 of the Local Rules of Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "Local Rules") seeking entry of an order, substantially in the form attached hereto as **Exhibit A** (the "Proposed Order"), authorizing the Career Debtors to file under seal (i) Schedule A/B and Schedule E/F; (ii) the Statements of Financial Affairs; and (iii) names and addresses of the Career Debtors' former students listed in its Creditor Matrix (the "Sealed Documents").  In support of its Motion to Seal, the Career Debtors respectfully state as follows:

## JURISDICTION AND VENUE

1. The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware*, dated February 29, 2012.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2).

2. The statutory predicates for the relief requested herein are Section 107 of the Bankruptcy Code, Bankruptcy Rule 9018, and Local Rule 9018-1.

3. Further, pursuant to Local Rule 9013-1(f), the Career Debtors hereby consent to the entry of a final judgment or order in connection with the Motion to Seal if it is determined that this Court cannot—absent the consent of the parties—enter such final judgment or order consistent with Article III of the United States Constitution.

## BACKGROUND

4. On October 11, 2021 (the "Petition Date"), each of the Career Debtors filed voluntary petitions for relief under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Bankruptcy Court").

5. On October 12, 2021, Alfred T. Giuliano was appointed the chapter 7 Trustee for the Career Debtors (the "Trustee").

## RELIEF REQUESTED

6. By this Motion to Seal, the Career Debtors respectfully request that the Court enter the Proposed Order authorizing the Career Debtors to file under seal the Sealed Documents. The Career Debtors also seek, pursuant to the Proposed Order, a ruling that unredacted versions of the Sealed Documents not be made available to anyone except the Court, the Career Debtors, the Trustee and the Office of the United States Trustee (the "U.S. Trustee").

## BASIS FOR RELIEF REQUESTED

7. Section 107(b) of the Bankruptcy Code provides this Court with the authority to issue orders that will protect entities from potential harm that may result from the disclosure of certain information. The section provides, in relevant part:

> The bankruptcy court, for cause, may protect an individual with respect to the following types of information to the extent the court finds the disclosure of such information would create undue risk of identity theft or other unlawful injury to the individual or the individual's property:
> (A) Any means of identification…contained in a paper filed, or to be filed, in a case under this.

11 U.S.C. § 107(c)(1).

8. Bankruptcy Rule 9018 sets forth the procedures by which a party may move for relief under section 107(c), and provides, in relevant part, that "the court may make any order which justice requires (1) to protect the estate or any entity in respect of a trade secret or other confidential research, development, or commercial information . . . or (3) to protect governmental matters that are made confidential by statute or regulation." Fed. R. Bankr. P. 9018. Local Rule 9018-1(d) requires that a party seeking to file documents under seal file a motion to that effect. Del. Bankr. L.R. 9018-1(d).

9. The Career Debtors have filed the Motion to Seal based upon their obligations to comply with the Family Educational Rights and Privacy Act ("FERPA"), 20 U.S.C. § 1232(g) and its corresponding Federal Regulations 34 C.F.R. §§ 99.3, 99.30, 99.31 and 99.37 (2011).

10. If the Court grants the relief sought herein, unredacted copies of the Sealed Documents will be provided only to the Court, the Career Debtors, the Trustee and the U.S. Trustee, and others upon further Order of the Court. The Career Debtors will file a sealed version of the Sealed Documents as restricted documents, in accordance with CM/ECF procedures. Del. Bankr. L.R. 9018-1(b). Contemporaneously herewith, the Career Debtors have filed a redacted version of the Sealed Documents on the docket.

## **FAMILY EDUCATION RIGHTS AND PRIVACY ACT**

11. FERPA governs privacy issues for educational institutions and provides guidelines for how those institutions should use and possibly disclose private student information and educational records. As career colleges, Career Debtors are subject to the regulations of FERPA and the Motion to Seal arises from those obligations. If an institution fails to follow the guidelines of FERPA, it can face a denial of student loan funds and other penalties. Specifically, Section 1232(g)(f) states:

> The Secretary shall take appropriate actions to enforce this section and to deal with violations of this section, in accordance with this chapter, except that action to terminate assistance may be taken only if the Secretary finds there has been a failure to comply with this section, and he has determines that compliance cannot be secured by voluntary means.

12. As Career Debtors are no longer operating as career colleges, denial of federal student loan proceeds is not an applicable enforcement action if the Court orders the student information disclosed in the Sealed Documents. However, Career Debtors and their employees could still face enforcement actions from the Secretary of Education if it determines that a FERPA violation has

taken place through such a disclosure. Career Debtors' request to seal the Sealed Documents is not designed to confuse or mislead creditors, nor is it an attempt to provide false information to the Trustee and the Court. Career Debtors are simply attempting to comply with competing Federal Code sections, specifically FERPA and the Bankruptcy Code. Sealing the Sealed Documents will still provide all parties the information necessary to prosecute the bankruptcy case and allow Career Debtors to comply with FERPA.

## THE DIRECTORY EXEMPTION

13. A directory exemption is codified in Section 1232(g)(a)(5)(A) and (B) of FERPA and provides a disclosure exemption for an educational institution if that disclosure is the form of a directory (the "Directory Exemption"). Sections 1232(g)(a)(5)(A) and (B) state:

> (A) For the purposes of this section, the term 'directory information' relating to a student includes the following: the students name, address, telephone listing, date and place of birth, major field of study, participating in officially recognized activities and sports, weight and height of members of athletic teams, dates of attendance, degrees and awards received, and the most recent previous educational agency or institution attended by the student.
>
> (B) Any educational agency or institution making public directory information shall give public notice of the categories of information which it has designated as such information with respect to each student attending the institution or agency and shall allow a reasonable period of time after such notice has been given for a parent to inform the institution or agency that any or all of the information designated should not be released without the parent's prior consent.

14. While the information may be similar, the disclosure required in a bankruptcy is not similar to the information outlined in Subsection A and therefore the Directory Exemption does not negate the need to seal the student information. First, the information contained in the Schedule A/B and Schedule E/F is different from the information referenced in Section 1232(g)(a)(5)(A). While the names and address information are the same, the Bankruptcy Schedules may include financial information of the students. Schedules A/B will include any amounts still due to the Career Debtors from the students and Schedule E/F will include any amounts the Career Debtors owe to the students.

Financial information of this nature is not referenced in the Directory Exemption and therefore draws an important distinction between FERPA and the Bankruptcy Code. The financial information disclosure is a possible violation of FERPA and provides cause to seal the student records in the Sealed Documents.

15.     The Directory Exemption is also inapplicable, or at a minimum impractical, due to the requirements of Section 1232(g)(a)(5)(B). Subsection B requires educational institutions to notify students and/or parents prior to the disclosure of Directory Information and also requires those institutions to provide a response mechanism so the students and/or their parents can object to this disclosure. For an educational institution, it would be possible to create such a procedure. For the Career Debtors in chapter 7 bankruptcy with no sources of income, no current employees and hundreds of potential creditors, such a procedure would be impossible. If the Court does not grant the Proposed Order, Career Debtors would be required to contact hundreds of students to inform them of the disclosure of the information. While simply contacting them would be a massive undertaking, the Directory Exemption further requires Career Debtors to create a system for each student or parent to object to the disclosure. Such a requirement would result in a flood of responses from students and would place an unnecessary burden on the Career Debtors and possibly the Trustee. It may also place an unnecessary burden on this Court as the students may be required to present their arguments for non-disclosure before this Court.

## FEDERAL REGULATIONS AND DISCLOSURE

16.     Federal Regulations 34 C.F.R. §§ 99.3, 99.30, 99.31, 99.37 (2011) also provide guidance as to whether the student records should remain under seal. Specifically, 34 C.F.R. § 99.37 details the Directory Exemption and its applicability to student record information. Section 99.37(a) states:

> An educational agency or institution may disclose directory information if it has given public notice to parents of students in attendance and eligible students in attendance at the agency or institution. . .

17.     Again, the Federal Regulations present the same issue with the Directory Exemption as the actual language of FERPA.  If this Court orders the student information to be disclosed, Career Debtors would be required, per the Regulations, to inform every student and/or parent of the disclosure and allow them some sort of mechanism to object to this disclosure.  For the chapter 7 Career Debtors with no funds on hand and no employees, this is an impossible task.  The Bankruptcy Code and FERPA present Career Debtors with conflicting obligations and regulations.  Career Debtors' Motion to Seal presents the most viable and reasonable option to comply with both sets of regulations and cause exists for this Court to grant the Proposed Order.

## NOTICE

18.     Notice of this Motion to Seal has been provided to the Trustee, the United States Department of Education and those parties who have requested service pursuant to Bankruptcy Rule 2002.  In light of the nature of the relief requested herein, the Career Debtors submit that no other or further notice need be provided.

## NO PRIOR REQUEST

19.     No previous request for the relief requested herein has been made to this or any other court.

**WHEREFORE**, for the reasons set forth above, the Career Debtors respectfully request that the Court enter the Proposed Order, substantially in the form attached hereto as **Exhibit A**, granting the relief requested herein and awarding such other and further relief as the Court deems just and proper.

*[Signature Page Follows]*

7

Dated: October 15, 2021
      Wilmington, Delaware

Respectfully submitted,

*/s/ R. Stephen McNeill*
Jeremy W. Ryan (DE Bar No. 4057)
R. Stephen McNeill (DE Bar No. 5210)
**POTTER ANDERSON & CORROON LLP**
1313 N. Market Street, 6th Floor
Wilmington, Delaware 19801-3700
Telephone: (302) 984-6000
Facsimile: (302) 658-1192
Email:  jryan@potteranderson.com
        rmcneill@potteranderson.com

*Counsel to the Career Debtors*